E-FILED
Tuesday, 05 January, 2021 02:33:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ANDERSON, | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-1435 |
| | ) |
| WEXFORD HEALTH SOURCES, INC. and | ) |
| DR. KURT OSUMUNDSON, | ) |
|    Defendants. | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Wexford Health Sources and Dr. Kurt Osmundson violated his Eighth Amendment rights at Illinois River Correctional Center. Plaintiff discovered a lump in his right testicle in September of 2019.[1] Plaintiff arrived at Illinois River Correctional Center approximately one month later.

---

[1] Plaintiff's left testicle was removed in 2016 after a similar mass was discovered. In response to Plaintiff's motion for a Temporary Restraining Order, Dr. Osmundson states the lump in the left testicle was not cancerous and there is no indication the lump in the right testicle is cancerous. (Def. Resp., [17])

1

Plaintiff says he began to experience excruciating abdominal and testicular pain in March of 2020.  Plaintiff submitted a request for medical care and met with Nurse Shaw who confirmed a pea-sized lump in his testicle.  The nurse obtained a urine sample and referred Plaintiff to Defendant Dr. Osmundson.  Plaintiff claims despite high levels of protein and blood in the urine, the doctor failed to provide appropriate medical care and allowed the lump to continue to grow.

Plaintiff again requested medical care due to debilitating pain in April of 2020.  Plaintiff met with a different nurse who referred him to Defendant Dr. Osmundson.  While not clear in the complaint, it appears Plaintiff met with the doctor in May of 2020 and told him about the growing lump, the increasing pain, and the difficult he experienced with normal daily activities.  Plaintiff also noted many of his family members were diagnosed with cancer.

Plaintiff was admitted to the infirmary for potential kidney stones, but none were found, and he was released three days later.

Plaintiff says he did not meet with an outside specialist until September 28, 2020.  The kidney specialist criticized the care Plaintiff had received and ordered an immediate evaluation by a urologist.  Defendant Dr. Osmundson then ordered additional lab tests, but Plaintiff claims as of the filing of his complaint in December of 2020, he had not seen a urologist.

Plaintiff claims despite his repeatedly complaints and suspicious urine tests, Dr. Osmundson either refused appropriate care or delayed appropriate care which resulted in the lump in his testicle continuing to grow and debilitating pain.  Plaintiff further

2

claims the delays were the result of a Wexford policy or practice to delay or refuse needed outside consultations or medical care for serious conditions.

Plaintiff has adequately alleged both Dr. Osmundson in his individual capacity and Wexford in its official capacity were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.

Plaintiff has also filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel on his own first such as a copy of letters sent or received or a list of attorneys contacted. Therefore, the motion is denied with leave to refile. [5].

The Court notes that typically it would now order the Clerk of the Court to send service of process documents to the Defendants and allow the Defendants time to file an answer to the complaint. However, counsel has filed their appearance on behalf of Wexford and has filed a motion for summary judgment. [25]. Defendants have also

provided hundreds of pages of medical records in response to Plaintiff's motion for injunctive relief. [18-23].

For clarification of the record, Defense counsel must indicate if they plan to enter an appearance on behalf of the remaining Defendant, Dr. Osmundson, or whether the dispositive motion is only meant to address claims against Wexford?

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Dr. Osmundson and Wexford Health Sources were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment as outlined in this order. The claim is stated against Dr. Osmundson in his individual capacity and against Wexford in its official capacity. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Counsel for Wexford must clarify the record by stating whether they are also representing Defendant Dr. Osmundson and whether the dispositive motion was intended to include claims against both Defendants.  The Court notes if Defendants are asking for summary judgment on behalf of both Defendants, then counsel must either enter an appearance for Dr. Osmundson or the Court must order service of process on the doctor.   Defendant must respond within 14 days of this order.

3) Once Defendants have filed their response, the Court will set a deadline for Plaintiff to file a response to the motion for summary judgment.

4) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

5) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

ENTERED this 5th day of January, 2021.

s/ James Shadid
_____
JAMES E. SHADID